**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CANDIDO NICODEMO DE LEON GRAMAJO and HELEODORA OBISPA DE LEON, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71881 <br><br> Agency Nos. A097-292-682 <br> A098-458-389 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:   SCHROEDER, HAWKINS and GOULD, Circuit Judges.

Candido Nicodemo de Leon Gramajo and Heleodora Obispa de Leon,

husband and wife, and natives and citizens of Guatemala, petition pro se for review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of the decision of the Board of Immigration Appeals denying their applications for cancellation of removal, asylum, and relief under the Convention Against Torture. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part, and deny in part, the petition for review.

Petitioners contend that their three United States citizen children will experience the requisite hardship if they are forced to move to Guatemala, and therefore the BIA erred in denying their application for cancellation of removal. We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to their United States citizen children. *See* 8 U.S.C. § 1252(a)(2)(B); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009).

Petitioners general contention that their constitutional rights were violated does not raise a colorable claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Petitioners' generalized contention in their opening brief that they merit asylum and Convention Against Torture relief is unavailing. Petitioners conceded before the agency that their asylum application was untimely, and they do not challenge that determination before this court. In addition, sufficient evidence supports the BIA's denial of their request for relief under the Convention Against

10-71881

Torture because petitioners failed to establish that it is more likely than not that they will be tortured by or with the acquiescence of the government of Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part**.